D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**JAVIER MOLINA, ROBERTO BERNAL SALEK, LUIS CALLE, and ALFONSO TENEZACA, on behalf of themselves and others similarly situated,**

                Plaintiffs,

  v.

**SXB RESTAURANT CORP, d/b/a IL TINELLO, and XHERAT GOCAJ a/k/a JOHNNY GOCI and BEN CELAJ a/k/a BENNY BELLO,**

                Defendants.
-------------------------------------------------------x

CASE NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, alleges as follows:

## INTRODUCTION

1. "Donald Trump will deport you to your fucking country." This was the insult, served with an ample side of name-calling and physical assault, regularly hurled at Plaintiff Javier Molina, a former busser at Il Tinello.

2. Il Tinello markets itself as an "old school" Italian restaurant that is both classy and elegant. Unfortunately, under the hood, the restaurant and its owners are anything but.

3. The owners of Il Tinello are hard-core racist xenophobes that openly abuse their mostly Hispanic staff and egregiously underpay them, despite their grueling schedules that are often seven days per week.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

6. Defendant SXB Restaurant Corp. is a New York corporation that owns and operates Il Tinello restaurant ("Il Tinello") located at 16 W 56th Street, New York, New York 10019.

7. Defendant SXB Restaurant Corp. has an annual gross volume of sales in excess of $500,000.

8. Defendant Ben Celaj, aka Benny Bello, is an owner of Il Tinello. He is often present at the restaurant. He makes decisions with respect to hiring and firing, scheduling, and employees' pay. He specifically played a role in each Plaintiff's hiring. For example, he offered employment to Plaintiffs Molina, Calle, and Salek. He also instructed Defendant Gocaj to terminate Plaintiff Molina.

2

9. Defendant Xherat Gocaj, aka Johnny Goci, is the manager of Il Tinello. He directly supervises the day-to-day employment of the restaurant's service employees. He makes the employees' schedules and manages their day-to-day work. He has authority with respect to hiring and firing. For example, he hired Plaintiff Tenezaca. He regularly reprimands service employees for performance issues.

10. Plaintiff Roberto Bernal Salek was employed by Defendants as a server for approximately six months in 2021.

11. Plaintiff Javier Molina was employed by Defendants as a busser for roughly 3 months ending in January 2025.

12. Plaintiff Luis Calle was employed by Defendants as a server for approximately 5 months in 2024.

13. Plaintiff Alfonso Tenezaca has been employed by Defendants as a busser since the beginning of 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants at Il Tinello on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime pay and requiring them to share tips with tip ineligible employees including

the owners and managers of the Il Tinello. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiffs brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed by Defendants at Il Tinello on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

19. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number

4

are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

20. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation, of requiring Class members to split tips with tip ineligible employees, and of failing to provide adequate wage notices and statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

  b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

  c) Whether Defendants required Plaintiffs and the Class members to share tips with tip-ineligible individuals.

  d) Whether Defendants paid Plaintiff and the Class members the state minimum wage for all hours worked.

  e) Whether Defendants properly compensated Plaintiff and Class members for overtime.

  f) Whether Defendants provide Plaintiffs and the Class members adequate wage notices and wage statements.

  g) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type and amount of labor Plaintiffs and the Class members were required to perform.,

  h) The job duties and responsibilities for all individuals who received compensation via the tips collected by Defendants.

## FACTS

### Discrimination Claims – Plaintiff Molina

25. Plaintiff Molina worked for Defendants as a busser for the last quarter of 2024.

26. Plaintiff Molina is Hispanic.

27. Throughout his employment, Defendants Xherat Gocaj and Ben Celaj egregiously harassed Plaintiff Molina because of his race.

28. Specifically, Defendant Gocaj would frequently tell Plaintiff Molina that he would "be deported" and that "Donald Trump is coming and will send you back to your fucking county." He regularly called him "garbage" and "lazy".

29. On several occasions, Defendant Gocaj physically assaulted Plaintiff Molina and kicked him in the leg.

30. Defendant Celaj similarly told Plaintiff that "Donald Trump will fire you to your fucking country," and that he was "lazy" and "good for nothing."

31. Sure enough, shortly before President Trump's first day in office, in early January 2025, Defendant Gocaj fired Plaintiff Molina, telling him it was Defendant Celaj's decision.

32. Upon information and belief, Defendants fired Plaintiff Molina because of his race.

## Wage and Hour Claims

33. Plaintiffs' Consent to Sue forms are attached hereto in Exhibit A.

34. Defendants committed the following alleged acts knowingly, intentionally and willfully.

35. Defendants knew that nonpayment of minimum wage, nonpayment of overtime,, misappropriation of tips would economically injure Plaintiffs, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

36. Plaintiffs worked as servers and/or bussers for Defendants.

37. Plaintiffs often worked in excess of 40 hours per week.

38. Specifically, Plaintiffs were regularly scheduled to work 6 or 7 dinner shifts per week.

39. Dinner shifts began at either 3:00 p.m. or 5:00 p.m., depending on whether they were opening/closing shifts, and lasted until about 11:30 p.m.

40. Defendants did not pay Plaintiffs at all for hours worked before 5:00 p.m. or after 10:00 p.m.

41. For hours Defendants did pay Plaintiffs, they paid at the New York foodservice workers' minimum wage. For example, in 2024 that rate was $10.65 per hour, as compared to the full minimum wage of $16 per hour.

42. Defendants were not entitled to pay Plaintiffs this lower rate, because they did not give Plaintiffs notice of the tip credit under New York law.

43. Defendants required Plaintiffs to share tips with their boss, Defendant Gocaj.

44. Defendants did not give Plaintiffs Notices and Acknowledgements of Pay Rate and Pay Day forms at the beginning of their employment. As a result, Plaintiffs were unable to advocate for their rights immediately. For example, Plaintiffs did not know their accurate overtime rates and were unable to seek accurate unpaid overtime wages. Had Plaintiffs had the correct information, they would have sought their unpaid wages sooner. In addition, because Plaintiffs did not receive notice of the tip credit, the actual usage of the tip credits by Defendants was illegal, and the Plaintiffs were underpaid.

45. Defendants failed to provide accurate wage statements to Plaintiffs. Among other things, the wage statements provided by Defendants did not contain all of the hours they worked.

46. Had Plaintiffs been given this legally required information, Plaintiffs would have been in a better position to advocate for their rights and they would have complained sooner.

47. In addition, Defendants' failure to provide accurate wage statements injured Plaintiffs economically, because Plaintiffs were paid for the number of hours listed on their paychecks rather than their actual hours worked.

48.     Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Collective members, and members of the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201,** *et seq.*
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**)

49.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

50.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

51.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

52.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

53.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

54.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

55. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

56. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

57. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

58. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

59. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60. Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for every hour worked.

61. Defendants did not pay Plaintiffs and the Class members the New York minimum wage for all hours worked.

62. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650** *et seq.***, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

63. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

64. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

65. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

66. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Members)**

67. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

68. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiffs and the Class Members.

69. Plaintiffs, on behalf of themselves and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### (New York Wage Notice and Statement Requirements, N.Y. Lab. L. §§ 195, 198
### Brought by Plaintiffs on Behalf of Themselves and the Class)

70. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

71. Defendants did not provide Plaintiffs and the members of the Class with wage notices and statements that contained the required information under N.Y. Lab. Law § 195.

72. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including penalties pursuant to N.Y. Lab. Law § 198 and costs and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
### (42 U.S.C. § 1981 – Race Discrimination
### Brought by Plaintiff Molina)

73. Plaintiff Molina realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

74. In violation of Section 1981, Defendants intentionally and willfully discriminated against Plaintiff Molina by creating a hostile working environment and terminating his employment.

75. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Molina has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

76. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Molina has suffered and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain, and suffering, damage to Plaintiff Molina's good name and reputation, lasting embarrassment, and humiliation.

77. As a result of Defendants' unlawful conduct, Plaintiff Molina is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; post-judgment interest; and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL") Discrimination –
N.Y.C. Admin. Code § 8-107(7)
Brought by Plaintiff Molina)

78. Plaintiff Molina realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

79. In violation of the NYCHRL, Defendants intentionally discriminated against Plaintiff Molina on the basis of his race and/or national origin.

80. The discriminatory acts of Defendants included, but were not limited to, creating a hostile working environment and terminating his employment.

81. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Molina has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

82. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Molina has suffered and continues to suffer, substantial non-monetary damages, including, but not limited

to emotional distress, physical pain, and suffering, damage to Plaintiff Molina's good name and reputation, lasting embarrassment, and humiliation.

83. The conduct of Defendants was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff Molina's statutorily-protected civil rights.

84. As a result of Defendants' unlawful conduct, Plaintiff Molina is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorney's fees and costs; pre- and post-judgment interest; and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, penalties, and punitive damages , to be paid by Defendants;

F. Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198 663; 42 U.S.C. § 1988, N.Y.C. Admin. Code § 8-502, and other applicable statutes;

I.    Pre-judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 30, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.