UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER MOLINA, ROBERTO BERNAL SALEK, LUIS CALLE, and ALFONSO TENEZACA, on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br><br>        -against-<br><br><br>SXB RESTAURANT CORP, d/b/a IL TINELLO, and XHERAT GOCAJ a/k/a JOHNNY GOCI and BEN CELAJ a/k/a BENNY BELLO,<br><br><br>                              Defendants. | Case No.: 1:25-cv-00892<br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT** |

Defendants, SXB Restaurant Corp, d/b/a IL Tinello, and Xherat Gocaj a/k/a Johnny Goci and Ben Celaj (incorrectly identified in the Complaint as "Ben Celaj a/k/a Benny Bello")(hereinafter collectively "Defendants"), by and through its undersigned attorneys Jackson Lewis P.C., respectfully submits their following Answer to the Complaint (the "Complaint") filed by Plaintiffs ("Plaintiffs") in the above-captioned action.

## AS TO "INTRODUCTION"

1.      Defendants deny each allegation set forth in Paragraph 1 of the Complaint.

2.      Defendants deny each allegation set forth in Paragraph 2 of the Complaint.

3.      Defendants deny each allegation set forth in Paragraph 3 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

4.      Defendants deny each allegation set forth in Paragraph 4 of the Complaint, except aver that jurisdiction is proper.

5. Defendants deny each allegation set forth in Paragraph 5 of the Complaint, except aver that venue is proper.

### AS TO "PARTIES"

6. Defendants admit each allegation set forth in Paragraph 6 of the Complaint.

7. Defendants deny each allegation set forth in Paragraph 7 of the Complaint.

8. Defendants deny each allegation set forth in Paragraph 8 of the Complaint and aver that Ben Celaj is not known as Benny Bello.

9. Defendants deny each allegation set forth in Paragraph 9 of the Complaint.

10. Defendants deny each allegation set forth in Paragraph 10 of the Complaint, except admit that Plaintiff Roberto Bernal Salek was formerly employed by Il Tinello.

11. Defendants deny each allegation set forth in Paragraph 11 of the Complaint, except admit that Plaintiff Javier Molina was formerly employed by Il Tinello.

12. Defendants deny each allegation set forth in Paragraph 12 of the Complaint, except admit that Plaintiff Luis Calle was formerly employed by Il Tinello.

13. Defendants deny each allegation set forth in Paragraph 13 of the Complaint, except admit that Plaintiff Alfonso Tenezaca is employed by Il Tinello.

### AS TO "FLAS COLLECTIVE ACTION ALLEGATIONS"

14. Defendants admit that Plaintiffs purport to proceed as set forth in Paragraph 14 of the Complaint but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

15. No response is required to the extent the allegations set forth in Paragraph 15 of the Complaint call for a legal conclusion. To the extent a response is required, Defendants deny each allegation set forth in Paragraph 15 of the Complaint.

16. No response is required to the extent the allegations set forth in Paragraph 16 of the Complaint call for a legal conclusion. To the extent a response is required, Defendants deny each allegation set forth in Paragraph 16 of the Complaint.

### AS TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

17. Defendants admit that Plaintiffs purport to proceed as set forth in Paragraph 17 of the Complaint but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

18. No response is required to the extent the allegations set forth in Paragraph 18 of the Complaint call for a legal conclusion. To the extent a response is required, Defendants deny each allegation set forth in Paragraph 18 of the Complaint.

19. No response is required to the extent the allegations set forth in Paragraph 19 of the Complaint call for a legal conclusion. To the extent a response is required, Defendants deny each allegation set forth in Paragraph 19 of the Complaint.

20. No response is required to the extent the allegations set forth in Paragraph 20 of the Complaint call for a legal conclusion. To the extent a response is required, Defendants deny each allegation set forth in Paragraph 20 of the Complaint.

21. No response is required to the extent the allegations set forth in Paragraph 21 of the Complaint call for a legal conclusion. To the extent a response is required, Defendants deny each allegation set forth in Paragraph 21 of the Complaint.

22.　No response is required to the extent the allegations set forth in Paragraph 22 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 22 of the Complaint.

23.　No response is required to the extent the allegations set forth in Paragraph 23 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 23 of the Complaint.

24.　No response is required to the extent the allegations set forth in Paragraph 24 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 24 of the Complaint.

**AS TO "FACTS"**
**Discrimination Claims – Plaintiff Molina**

25.　Defendants deny each allegation set forth in Paragraph 25 of the Complaint, except admit that Plaintiff Molina is formerly employed by Il Tinello.

26.　Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Complaint.

27.　Defendants deny each allegation set forth in Paragraph 27 of the Complaint.

28.　Defendants deny each allegation set forth in Paragraph 28 of the Complaint.

29.　Defendants deny each allegation set forth in Paragraph 29 of the Complaint.

30.　Defendants deny each allegation set forth in Paragraph 30 of the Complaint.

31.　Defendants deny each allegation set forth in Paragraph 31 of the Complaint.

32.　Defendants deny each allegation set forth in Paragraph 32 of the Complaint.

## AS TO "WAGE AND HOUR CLAIMS"

33.     Defendants deny each allegation set forth in Paragraph 33 of the Complaint, except admit that Plaintiffs purport to attach Consent to Sue forms for the Named Plaintiffs and state that the documents speak for themselves.

34.     No response is required to the extent the allegations set forth in Paragraph 34 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 34 of the Complaint.

35.     No response is required to the extent the allegations set forth in Paragraph 35 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 35 of the Complaint.

36.     Defendants deny each allegation set forth in Paragraph 36 of the Complaint, except admit that Plaintiffs were and/or are employed by Il Tinello as servers and/or bussers.

37.     Defendants deny each allegation set forth in Paragraph 37 of the Complaint.

38.     Defendants deny each allegation set forth in Paragraph 38 of the Complaint.

39.     Defendants deny each allegation set forth in Paragraph 39 of the Complaint.

40.     Defendants deny each allegation set forth in Paragraph 40 of the Complaint.

41.     Defendants deny each allegation set forth in Paragraph 41 of the Complaint.

42.     Defendants deny each allegation set forth in Paragraph 42 of the Complaint.

43.     Defendants deny each allegation set forth in Paragraph 43 of the Complaint.

44.     Defendants deny each allegation set forth in Paragraph 44 of the Complaint.

45.     Defendants deny each allegation set forth in Paragraph 45 of the Complaint.

46.     Defendants deny each allegation set forth in Paragraph 46 of the Complaint.

47.     Defendants deny each allegation set forth in Paragraph 47 of the Complaint.

48.     No response is required to the extent the allegations set forth in Paragraph 48 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 48 of the Complaint.

**AS TO. "FIRST CLAIM FOR RELIEF"**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq*.**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

49.     Defendants repeat and reallege each of their responses to Paragraphs 1 through 48 of the Complaint as if set forth fully herein.

50.     No response is required to the extent the allegations set forth in Paragraph 50 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 50 of the Complaint.

51.     No response is required to the extent the allegations set forth in Paragraph 51 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 51 of the Complaint.

52.     No response is required to the extent the allegations set forth in Paragraph 52 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 52 of the Complaint.

53.     No response is required to the extent the allegations set forth in Paragraph 53 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 53 of the Complaint.

54. Defendants admit that Plaintiffs purport to proceed as set forth in Paragraph 54 of the Complaint but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

## AS TO "SECOND CLAIM FOR RELIEF"
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq*.**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

55. Defendants repeat and reallege each of their responses to Paragraphs 1 through 54 of the Complaint as if set forth fully herein.

56. No response is required to the extent the allegations set forth in Paragraph 56 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 56 of the Complaint.

57. No response is required to the extent the allegations set forth in Paragraph 57 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 57 of the Complaint.

58. Defendants admit that Plaintiffs purport to proceed as set forth in Paragraph 58 of the Complaint but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

## AS TO "THIRD CLAIM FOR RELIEF"
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq*.**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

59. Defendants repeat and reallege each of their responses to Paragraphs 1 through 58 of the Complaint as if set forth fully herein.

60.    No response is required to the extent the allegations set forth in Paragraph 60 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 60 of the Complaint.

61.    No response is required to the extent the allegations set forth in Paragraph 61 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 61 of the Complaint.

62.    Defendants deny each allegation set forth in Paragraph 62 of the Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF"
### (New York Overtime Violations,
### N.Y. Lab. L. § 650 *et seq*., N.Y. Comp. Codes R. & Regs, tit. 12, § 146-1.4.
### Brought by Plaintiffs on Behalf of Themselves and the Class)

63.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 62 of the Complaint as if set forth fully herein.

64.    No response is required to the extent the allegations set forth in Paragraph 64 of the Complaint call for a legal conclusion.  To the extent a response is required,  Defendants deny each allegation set forth in Paragraph 64 of the Complaint.

65.    No response is required to the extent the allegations set forth in Paragraph 65 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 65 of the Complaint.

66.    No response is required to the extent the allegations set forth in Paragraph 66 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 66 of the Complaint.

## AS TO "FIFTH CLAIM FOR RELIEF"
### (Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

67.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 66 of the Complaint as if set forth fully herein.

68.    No response is required to the extent the allegations set forth in Paragraph 68 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 68 of the Complaint.

69.    Defendants admit that Plaintiffs purport to proceed as set forth in Paragraph 69 of the Complaint but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

## AS TO "SIXTH CLAIM FOR RELIEF"
### (New York Wage Notice and Statement Requirements, N.Y. Lab. L. §§ 195, 198
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

70.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 69 of the Complaint as if set forth fully herein.

71.    No response is required to the extent the allegations set forth in Paragraph 71 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph71 of the Complaint.

72.    No response is required to the extent the allegations set forth in Paragraph 72 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 72 of the Complaint.

**AS TO "SEVENTH FOR RELIEF"**
**(42 U.S.C. § 1981 – Race Discrimination**
**(Brought by Plaintiff Molina)**

73.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 72 of the Complaint as if set forth fully herein.

74.    No response is required to the extent the allegations set forth in Paragraph 74 of the Complaint call for a legal conclusion.  To the extent a response is required,  Defendants deny each allegation set forth in Paragraph 74 of the Complaint.

75.    No response is required to the extent the allegations set forth in Paragraph 75 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 75 of the Complaint.

76.    No response is required to the extent the allegations set forth in Paragraph 76 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 76 of the Complaint.

77.    No response is required to the extent the allegations set forth in Paragraph 77 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 77 of the Complaint.

**AS TO "EIGHTH CLAIM FOR RELIEF"**
**(New York City Human Right Law ("NYCHRL") Discrimination – N.Y.C. Admin. Code**
**§ 8-107(7) Brought by Plaintiff Molina)**

78.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 77 of the Complaint as if set forth fully herein.

79.    No response is required to the extent the allegations set forth in Paragraph 79 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 79 of the Complaint.

80.    No response is required to the extent the allegations set forth in Paragraph 80 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 80 of the Complaint.

81.    No response is required to the extent the allegations set forth in Paragraph 81 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 81 of the Complaint.

82.    No response is required to the extent the allegations set forth in Paragraph 82 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 82 of the Complaint.

83.    No response is required to the extent the allegations set forth in Paragraph 83 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 83 of the Complaint.

84.    No response is required to the extent the allegations set forth in Paragraph 84 of the Complaint call for a legal conclusion.  To the extent a response is required, Defendants deny each allegation set forth in Paragraph 84 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny each allegation set forth in the "WHEREFORE" clause and "Prayer for Relief" of the Complaint, including subparts (A) through (J) contained therein.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

### AS AND FOR A FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants properly compensated Plaintiff under the NYLL and FLSA.

### AS AND FOR A SECOND DEFENSE

Defendants engaged in no willful misconduct.

### AS AND FOR A THIRD DEFENSE

Plaintiffs were tipped employees and Defendants have a right to claim credit for tips received to the maximum extent allowed by the NYLL and FLSA.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their behalf or on behalf of those persons whom they purport to represent.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs would be unjustly enriched if allowed to both retain the monies collected from customers and were to be paid wages for the same period. Any funds collected directly from customers and retained must be offset or credited against any wages allegedly due to that individual.

### AS AND FOR A SIXTH DEFENSE

Defendants have not been unjustly enriched at the expense of Plaintiff. Nor does good conscience demand that additional payment be made to Plaintiff.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs are not entitled to pre or post judgment interest.

### AS AND FOR A EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.

### AS AND FOR A NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

### AS AND FOR A TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

### AS AND FOR AN ELEVENTH DEFENSE

This case may not be maintained as a class action because there are not common questions of law or fact between Plaintiffs and the other individuals they purport to represent.

### AS AND FOR A TWELFTH DEFENSE

This case is not appropriate for class treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the putative class members.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating this controversy.

13

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs have failed to show that the class or collective are so numerous that joinder of all members is impracticable.

## AS AND FOR A FIFTEENTH DEFENSE

Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the New York State Department of Labor or the United States Department of Labor.

## AS AND FOR A SIXTEENTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the NYLL or FLSA.

## AS AND FOR A SEVENTEENTH DEFENSE

The class and collective definitions Plaintiffs have alleged is vague, overbroad, and not adequately defined.

## AS AND FOR AN EIGHTEENTH DEFENSE

To the extent that Plaintiffs or any members of the putative class or collective have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## AS AND FOR A NINETEENTH DEFENSE

Certification of a class is inappropriate because an independent and individualized analysis of the claims of each Plaintiff and putative class or collective member, and each of

Defendants' defenses thereto, is required.

### AS AND FOR A TWENTIETH DEFENSE

Plaintiffs have not shown that any alleged violation of the Act was willful such that a three-year limitations period would apply.

### AS AND FOR A TWENTY-FIRST DEFENSE

Assuming *arguendo* that Defendants violated any provision of the NYLL or FLSA, such violation was not pursuant to a uniform policy or plan, no liability exists and a class action cannot be maintained.

### AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiffs' claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employees with notice pursuant to the law.

### AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiffs were provided all wage statements and wage notices required by New York Labor Law § 195, and even if Plaintiffs were not provided a proper wage statement and/or wage notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiffs under the NYLL.

### AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff Molina's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any protected category, complaint or damages which Plaintiff Molina allegedly suffered.

## AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiff Molina's claims exceed the amounts permissible under federal law and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

## AS AND FOR A TWENTY-SIXTH DEFENSE

Plaintiff Molina's Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff Molina were undertaken in good faith and for legitimate business reasons unrelated to any unlawful consideration.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

Defendants would have made the same decisions regarding Plaintiff Molina regardless of any alleged protected status.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiff Molina's claims are barred, in whole or in part, because Plaintiff Molina cannot demonstrate severe and pervasive conduct that altered the terms and conditions of his employment.

## AS AND FOR A TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to after-acquired evidence.

## AS AND FOR A THIRTIETH DEFENSE

Plaintiff Molina's punitive damages claim is barred because Defendants at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to Plaintiff Molina's or other employees' statutory rights.

## AS AND FOR A THIRTY-FIRST DEFENSE

Plaintiff Molina's claims against Defendants Gocaj and Celaj fails as a matter of law inasmuch as aiding and abetting liability is unavailable under 42 U.S.C. § 1981.

## AS AND FOR A THIRTY-SECOND DEFENSE

Plaintiff Molina's claims against Defendants Celaj and Gocaj fail as a matter of law inasmuch as Plaintiff Molina cannot establish his predicate claims under the New York City Human Rights law and therefore, aiding and abetting liability is unavailable.

## AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiffs were not employees of Defendants Gocaj and Celaj and to the extent that any claim asserted by Plaintiffs is predicated upon the existence of an employer-employee relationship between Plaintiffs

## RESERVATION OF DEFENSES

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any class or collective members as those claims become known during this litigation.

WHEREFORE, Defendants respectfully requests that the Court:

(a)    Dismiss the Complaint in its entirety with prejudice;

(b)    Deny each and every demand and prayer for relief contained therein;

(c)    Awards Defendants its costs and attorneys' fees incurred in defending this action;

(d)    Enters judgment in favor of Defendants, and against Plaintiffs; and

(e)     Grants such other and further relief to Defendants as the Court deems just

and proper.

Respectfully submitted,

JACKSON LEWIS P.C.

666 Third Avenue, 28th Floor
New York, New York 10017
(212) 545-4000

Dated: April 18, 2025                    By:     */s Adam S. Gross*
New York, New York                               Adam S. Gross
                                                 Shannon D. Azzaro

*ATTORNEYS FOR DEFENDANTS*

18

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025 the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

*s/*Shannon D. Azzaro
Shannon D. Azzaro

4900-0665-2984, v. 1